IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Antonio Tykeish Wakefield, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:20-cv-0977-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| S.C. Dept. of Corrections, Ryan Phillips, Sheri Phillip, and J. Palmer, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Antonio Tykeish Wakefield, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 2; 11). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On June 23, 2020, Defendants Ryan Phillips, Sheri Phillips, and J. Palmer (collectively, "Individual Defendants"), filed a joint motion to dismiss. (ECF No. 18). The magistrate judge subsequently issued an order on June 24, 2020, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Individual Defendants' motion and the possible consequences if Plaintiff failed to adequately respond. (ECF No. 20). The *Roseboro* order was mailed to Plaintiff on June 24, 2020, (ECF No. 21), and was not returned to the court as undeliverable. Despite the warning in the *Roseboro* order, Plaintiff filed no response to the Individual Defendants' motion.

Rather, on June 29, 2020, Plaintiff filed a request for entry of default against all Defendants. (ECF No. 22). The Clerk declined to entry default at that time based on the Individual Defendants'

1

motion to dismiss.[1] *See id*. Accordingly, on August 20, 2020, the magistrate judge entered a text order recognizing that, "Plaintiff may have construed his request for entry of default as an adequate response to the [Individual] Defendants' Motion to Dismiss," and, consequently, granted Plaintiff an additional thirty days to file a proper response to the motion. (ECF No. 26). The magistrate judge's order was mailed to Plaintiff on August 20, 2020, (ECF No. 28), and has not been returned to the court as undeliverable. Nevertheless, despite the additional time, Plaintiff again failed to file any response to the motion to dismiss.

Then, on October 26, 2020, Defendant S.C. Dept. of Corrections ("SCDC") filed its own motion to dismiss. (ECF No. 33). The next day, the magistrate judge issued another *Roseboro* order, notifying Plaintiff of SCDC's motion and warning of the possible consequences if Plaintiff failed to adequately respond. (ECF No. 34). The second *Roseboro* order was mailed to Plaintiff on October 27, 2020, (ECF No. 35), and has not been returned to the court. Notwithstanding the warnings in the magistrate judge's second *Roseboro* order, Plaintiff has filed no response to SCDC's motion to dismiss, and the time to do so has now run.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders. (ECF No. 36). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 37), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 36 at 2, 4), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

---

[1] At the time Plaintiff requested an entry of default, Defendant S.C. Dept. of Corrections had not been served. *See* (ECF Nos. 10; 15; 16; 25).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

Here, the factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders. Plaintiff was specifically and repeatedly warned that his case would be subject to dismissal if he failed to adequately respond to the Defendants' motions to dismiss. *See* (ECF Nos. 20, 26, 34, 36). The court concludes that Plaintiff's lack of response to the magistrate judge's orders indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 36),

4

5

which is incorporated herein by reference. Therefore, this case is **DISMISSED** pursuant to Rule 41(b) for failure to prosecute and to comply with court orders.[2]

      **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
December 29, 2020

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Consequently, the Individual Defendants' motion to dismiss (ECF No. 18) and SCDC's motion to dismiss (ECF No. 33) are **DENIED as moot**.